UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OPERATING ENGINEERS LOCAL 139 HEALTH
BENEFIT FUND;
CENTRAL PENSION FUND OF THE INTERNATIONAL
UNION OF OPERATING ENGINEERS AND
PARTICIPATING EMPLOYERS;
WISCONSIN OPERATING ENGINEERS SKILL
IMPROVEMENT AND APPRENTICESHIP FUND;
JOINT LABOR MANAGEMENT WORK
PRESERVATION FUND;
TERRANCE E. MCGOWAN, as trustee; and
INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 139, AFL-CIO,

Case No. 09-CV-787

        Plaintiffs,

v.

GREAT LAKES EXCAVATING, INC.,

        Defendant.

# ORDER

Local 139 of the International Union of Operating Engineers, AFL-CIO ("Local 139"), three employee benefits plans ("the Funds"), and their fiduciary (collectively, "the plaintiffs") bring this action seeking fringe benefit contributions owed by defendant Great Lakes Excavating, Inc. ("Great Lakes"), pursuant to the terms of a collective bargaining agreement. The plaintiffs assert that Great Lakes is delinquent in its contributions to the Funds and filed a motion for summary judgment on February 26, 2010, asking the court to order Great Lakes to pay the delinquent contribution amounts, assessments, and interest, as well as costs and attorney's fees. The summary judgment motion included a specified amount for the

contributions, assessments, and interest, but noted that the plaintiffs would submit a petition for fees and costs after an entry of judgment by the court. After the motion was filed, Great Lakes paid the delinquent amount requested by the plaintiffs. Great Lakes believes that its obligations are now complete and asks the court to deny the motion for summary judgment. The plaintiffs disagree that Great Lakes satisfied all its obligations and asks the court to enter an order directing Great Lakes to pay the plaintiffs' costs and attorneys fees. The court will enter such an order.

## BACKGROUND

Great Lakes is party to a collective bargaining agreement (CBA) with Local 139. Under the terms of the CBA, Great Lakes must submit Monthly Remittance Reports indicating the number of hours worked by its employees during the preceding month and the corresponding fringe benefit contributions due to the Funds. The Reports must be submitted by the 15th of the month following the month in which the work was performed by Great Lakes' employees. The Funds apply delinquent payment assessments and interest if the Reports are submitted after the 15th of the month. Since the filing of the lawsuit, Great Lakes made a series of payments to the Funds to cover certain delinquent amounts owed. However, at the time the plaintiffs filed their motion for summary judgment, Great Lakes remained delinquent for payments owed for December 2009 and January 2010. Great Lakes responded by paying $15,198.32 – the total amount demanded by the plaintiffs for

contributions, delinquent penalty assessments, and interest – and filing a brief in opposition to the motion for summary judgment.

**ANALYSIS**

The plaintiffs acknowledge that Great Lakes paid all amounts claimed in the motion for summary judgment, other than those for costs and attorney's fees. The plaintiffs disagree, however, that this action moots their motion in its entirety. The plaintiffs ask the court to enter summary judgment as to their request for reasonable costs and attorney's fees. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Wis. Alumni Research Found. v. Xenon Pharms., Inc.*, 591 F.3d 876, 882 (7th Cir. 2010).

ERISA requires employers obligated to make contributions to a multi-employer plan under the terms of a CBA to make their contributions in accordance with the agreement's terms and conditions. 29 U.S.C. § 1145. When employers fail to do so, the employee benefit fund is entitled to judgment under Section 1132(g)(2) of ERISA. The section provides that when a court enters judgment in favor of the plaintiff plan, the court shall also award:

(A) the unpaid contributions
(B) interest on the unpaid contributions
(C) an amount equal to the greater of –
 (I) interest on the unpaid contributions, or

-3-

> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as maybe permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) **reasonable attorney's fees and costs of the action, to be paid by the defendant**, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

(emphasis added) 29 U.S.C. § 1132(g)(2). The statute also provides the court with general discretion to award fees and costs in an action involving delinquent contributions, stating: "In any action under this title...by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

Great Lakes does not dispute that it was delinquent in making required contributions to the Funds at the time the plaintiffs filed for summary judgment. Indeed, Great Lakes paid the contribution amount, interest, and assessments requested in the plaintiffs' motion. However, Great Lakes failed to do so until after the plaintiffs expended time and resources filing for summary judgment. Additionally, Great Lakes posits no argument as to why it should not be held liable for the plaintiffs' costs and attorney's fees. Therefore, the court determines that a grant of summary judgment on the issue of costs and attorney's fees is appropriate under the statute.

Accordingly,

-4-

Case 2:09-cv-00787-JPS   Filed 07/16/10   Page 4 of 5   Document 17

**IT IS ORDERED** that the plaintiff's motion for summary judgment (Docket #11) be and the same is **GRANTED in part,** and **DENIED in part as moot**. The court grants summary judgment as to the defendant's liability for costs and attorney's fees and denies as moot summary judgment as to the delinquent contribution amounts, assessments, and interest.

The clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of June, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge